UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ARAMYS MORALES,
EDGAR YOER MORALES,

       Plaintiffs,

v.

SKY SATELLITE, INC.,
GLOBAL SATELLITE, LLC,
MAYQUE QUINTERO, NELDO
DOMINGUEZ, LUCAS ZUCCHI,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, ARAMYS MORALES and EDGAR YOER MORALES, bring this action against Defendants, SKY SATELLITE, INC., GLOBAL SATELLITE, LLC, MAYQUE QUINTERO, NELDO DOMINGUEZ, and LUCAS ZUCCHI, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs ARAMYS MORALES and EDGAR YOER MORALES were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, SKY SATELLITE, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce installing of television equipment for Direct TV customers, at all times material hereto was the "employer" of Plaintiffs

6

as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4.     Defendant, MAYQUE QUINTERO, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, SKY SATELLITE, INC., and controlled Plaintiffs' duties, hours worked, and compensation. Accordingly, MAYQUE QUINTERO was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

5.     Defendant, MAYQUE QUINTERO, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, GLOBAL SATELLITE, LLC, and controlled Plaintiffs' duties, hours worked, and compensation. Accordingly, MAYQUE QUINTERO was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

6.     Defendant, NELDO DOMINGUEZ, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, SKY SATELLITE, INC., and controlled Plaintiffs' duties, hours worked, and compensation. Accordingly, NELDO DOMINGUEZ was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

7.     Sky Satellite, Inc. is the successor entity to Global Satellite, LLC; Sky Satellite, Inc. and its owners had notice of Global Satellite, LLC's liability under the FLSA before the change in entity occurred; there exists a substantial continuity of business operations between Global Satellite, LLC and Sky Satellite, Inc.; Sky Satellite, Inc. operates at the same location as did Global Satellite, LLC; Sky Satellite, Inc. uses the same or substantially the same work force as did Global Satellite, LLC; Sky Satellite, Inc. uses the same or substantially the same supervisory personnel as Global Satellite, LLC; Sky Satellite, Inc. employs the same jobs under substantially the same working conditions as did Global Satellite, LLC; Sky Satellite, Inc. uses the same machinery, equipment, and methods of production as did Global Satellite, LLC; Sky Satellite, Inc. produces

the same products as did Global Satellite, LLC; Sky Satellite, Inc. has expressly and/or impliedly assumed Global Satellite, LLC's liabilities; Sky Satellite, Inc. is a mere continuation of Global Satellite, LLC; and the change in entity from Global Satellite, LLC to Sky Satellite, Inc. occurred for the purpose of Defendants to escape liability imposed by the FLSA.

8. Defendant, LUCAS ZUCCHI, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, SKY SATELLITE, INC., and controlled Plaintiffs' duties, hours worked, and compensation. Accordingly, LUCAS ZUCCHI was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

9. Plaintiff ARAMYS MORALES worked for Defendants as a satellite television installation and service technician.

10. Plaintiff EDGAR YOER MORALES worked for Defendants as a satellite television installation and service technician.

11. Defendants failed to pay Plaintiffs their full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rates for all hours worked over 40 each week.

12. Defendants failed to pay Plaintiffs their full and proper minimum wages for all hours worked.

13. Attached as <u>Exhibit A</u> and <u>Exhibit B</u> are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

14. Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages by failing to pay Plaintiffs their full and proper overtime and minimum wages.

15. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

17. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiffs seek recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791